DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
ROSE-ELLEN HEINZ, State Bar #181257
ANDREW Y.S. CHENG, State Bar # 164613
Deputy City Attorneys
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-4261
Facsimile:      (415) 554-3837
E-Mail:          andrew.cheng@sfgov.org

Attorneys for Cross-Defendants
CITY AND COUNTY OF SAN FRANCISCO, FRANK CHIU
ROSEMARY BOSQUE, AND JOHN KERLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>AIMCO, et al.<br><br>　　　　　Defendants. | Case No. C 03-0495 SBA<br><br>**CROSS-DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO, FRANK CHIU, ROSEMARY BOSQUE AND JOHN KERLEY'S OPPOSITION TO MOTION TO REMAND TO STATE COURT**<br><br>Date:　　　　　　　April 22, 2003<br>Time:　　　　　　　1:00 p.m.<br>Dept:　　　　　　　Courtroom 3<br>Date Action Filed:　January 30, 2002<br>Trial Date:　　　　None |
| ALL HALLOWS ASSOCIATES, L.P.; BAYVIEW HUNTERS POINT APARTMENTS, L.P.; LA SALLE APARTMENTS, L.P.; AND SHOREVIEW APARTMENTS, L.P.,<br><br>　　　　　Cross-Complainants,<br><br>　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a Municipal Corporation; FRANK CHIU, Director of the San Francisco Department of Building Inspection, JOHN KERLEY, San Francisco Housing Inspector; ROSEMARY BOSQUE, Chief San Francisco Housing Inspector; and DOES 1-50, inclusive,<br><br>　　　　　Cross-Defendants. | |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

    I.     INTRODUCTION ..................................................................................................4

    II.    STATEMENT OF ISSUES TO BE DECIDED ......................................................5

    III.   FACTUAL AND PROCEDURAL BACKGROUND.............................................5

    IV.   THE COURT SHOULD DENY DEFENDANTS' MOTION TO REMAND ..................................................................................................................7

    IV.   THE INDIVIDUAL CROSS-DEFENDANTS ARE ENTITLED TO HAVE THEIR FEDERAL CLAIMS HEARD IN FEDERAL COURT .................7

          A.    Cross-Defendants Chiu, Bosque, and Kerley are Entitled to Remove the Entire Action.........................................................................7

                1.    Third-Party Removal Based on Federal Question Jurisdiction is Proper Under 28 U.S.C. Section 1441(c) ..................7

                2.    The Third-Party Defendants are Cross-Defendants, Not Counter-Defendants; Thus, the Removal Rules Cited by Defendants Do Not Apply ................................................................9

                3.    Removal is Proper Because Defendants Chose to Characterize Their Cross-Complaint as Federal in Nature ............10

          B.    The Federal Claims of the Cross-Complaint Arise Out of Separate and Independent Claims from the Complaint ............................................11

          C.    If the Court Decides to Remand, the Court Should Not Award Fees or Costs ..................................................................................................13

    V.    CONCLUSION.....................................................................................................15

# TABLE OF AUTHORITIES

**State Statutes & Codes**

Calfornia Business and Professions Code
  § 17200 .................................................................................................................. 6

**Federal Cases**

*Am. Fire & Cas. Co v. Finn*
  341 U.S. 6 (1951) ................................................................................................. 11

*Baylor v. District of Columbia*
  838 F.Supp. 7 (D.D.C. 1993) ................................................................................ 8

*Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*
  622 F.2d 133 (5th Cir. 1980) ............................................................................... 11

*Draper v Erb*
  1994 WL 478821, *3 (N.D. Cal. Aug. 25, 1994) (Patel, C.J.) ........................... 8, 13

*First National Bank of Pulaski v. Curry*
  301 F.3d 456 (6th Cir. 2002) ................................................................................ 8

*Hydranautics v. FilmTec Corp.*
  70 F.3d 533 (9th Cir. 1995) .................................................................................. 9

*Motor Vehicle Casualty Co. v. Russian River County Sanitation Dist.*,
  538 F.Supp. 488 (N.D. Cal. 1981) ................................................................. passim

*O'Halloran v. University of Washington*
  856 F.2d 1375 (9th Cir. 1988) ............................................................................ 13

*Orosco v. Royal Roofing Co., Inc.*,
  1997 WL 724456 (N.D. Cal. 1997) ...................................................................... 8

*Roxbury Condominium Association, Inc. v. Anthony S. Cupo Agency*
  316 F.3d 224 (3rd Cir. 2003) .............................................................................. 12

**Federal Statutes**

28 United States Code
  § 1441(c) ........................................................................................................ passim

28 United States Code
  § 1331 ................................................................................................................ 7, 8

42 United States Code
  § 1983 .................................................................................................................. 6

**Treatises**

Wright & Miller, Federal Practice and Procedure
§ 3724 ................................................................................................................... 8, 10, 11

## I. INTRODUCTION

The issue before the Court is whether individual cross-defendants – city employees Frank Chiu, Rosemary Bosque, and John Kerley – who have been sued personally for purported federal civil rights violations, should be allowed to have their federal claims adjudicated by a federal court. Defendants have chosen to convert a code enforcement action into a federal civil rights case to pressure the City and County of San Francisco ("City") to abandon its original lawsuit. Having expanded the scope of the lawsuit and sued three individual City employees, Defendants now seek to remand this action by claiming that no distinction exists between the City and the three individual cross-defendants.

The Court should deny the motion to remand for three reasons. First, the only published Northern District of California case -- *Motor Vehicle Casualty Co. v. Russian River County Sanitation Dist.*, 538 F.Supp. 488 (N.D. Cal. 1981) -- has expressly allowed third-party defendants to remove the entire action to federal court; and this decision is still good law. Second, the cases on which Defendants rely assume that a *plaintiff* would be prejudiced by the third-party removal of an action from state to federal court. Here, the City and County of San Francisco joined in the notice of removal and thus suffers *no prejudice* from Cross-Defendants' removal to federal court.

Third, Defendants cannot have it both ways. On the one hand, they argue that the claims against the individual cross-defendants have no legal significance because a lawsuit against these governmental employees is, in essence, a lawsuit against the City. On the other hand, Defendants refused to dismiss the federal claims against the individuals or dismiss the individuals from the lawsuit. Instead, Defendants have disingenuously labeled these individuals as "counter-defendants," to prevent this Court from assuming jurisdiction over their predominantly federal Cross-Complaint.

The governing case law dictates that Defendants should either dismiss their federal claims, dismiss the individual defendants, or proceed with this action where it belongs – in federal court. Because Defendants have chosen to proceed against the individuals with federal

claims, the Court should deny the motion to remand. [1]

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Can cross-defendants Frank Chiu, Rosemary Bosque, and John Kerley, who are governmental employees sued in their personal and official capacities under federal law, remove the entire action under 28 U.S.C. § 1441(c), where plaintiff has no objection to such removal?

2. Should cross-defendants Frank Chiu, Rosemary Bosque, and John Kerley have the same right as other individual defendants to have federal claims adjudicated in a federal forum, especially when Defendants have chosen not to dismiss any of their federal claims or dismiss any of the individuals in exchange for a stipulation to remand?

3. Should the Court award costs and fees when no Ninth Circuit case has addressed the issue of third-party removal under 28 U.S.C. § 1441(c) and the only published Northern District of California case has allowed removal by third-party defendants?

## III. FACTUAL AND PROCEDURAL BACKGROUND

This case involves egregious health and safety violations in 604 apartment units in the Bayview Hunters Point neighborhood in San Francisco. For the past five years, Defendants have owned and maintained these units with conditions such as: malfunctioning toilets, toxic mold, water-damaged bathrooms, ceilings, and kitchens, dry-rotted staircases, decks, and landings, and rodent infestation.

On January 30, 2002, the City sued Apartment Investment and Management Company ("AIMCO"), All Hallows Associates, L.P., Bayview Hunters Point Apartments, L.P., La Salle Apartments, L.P., Shoreview Apartments, L.P. (collectively "Defendants") for maintaining 604 units in four apartment complexes (the "Properties") in the Bayview Hunters Point neighborhood as public nuisances. The City alleged numerous violations of the San Francisco Building,

---

[1] As noted below, Cross-Defendants gave Defendants the opportunity to dismiss their federal claims in exchange for a stipulation to remand to state court. Defendants refused. Cheng Decl., at ¶¶ 10-12, and Exhs. C and D.

1  Electrical, Housing and Plumbing Codes for conditions that threaten the health and safety of the
2  tenants of the Properties.  The City also alleged violations of Cal. Business & Professions Code §
3  17200 for unfair business practices.

4  On January 28, 2003, Defendants filed their Cross-Complaint, in which they alleged 21
5  claims against cross-defendants City, Chiu, Bosque, and Kerley ("Cross-Defendants").  Chiu is
6  the Director of the Department of Building Inspection ("DBI").  Bosque is DBI's Chief Housing
7  Inspector.  Kerley is the housing inspector who issued the notices of violation ("NOV") against
8  Defendants.  Of the 21 claims in the Cross-Complaint, 14 involve purported violations of
9  constitutional and federal civil rights under 42 U.S.C. § 1983.  The allegations include purported
10 selective enforcement (Fourteenth Amendment), civil rights violations (Fourth and Fourteenth
11 Amendments), taking without just compensation (Fifth Amendment), equal protection violations
12 (Fourteenth Amendment), and substantive and procedural due process violations (Fourth, Fifth,
13 and Fourteenth Amendments).  Defendants sued all three individuals in their personal and
14 individual capacities as "cross-defendants," not as "counter-defendants."[2]  Cheng Decl., at ¶¶
15 4-5.  Moreover, Defendants only agreed to drop the punitive damages claim against the
16 individual cross-defendants in exchange for a stipulation to accept service.  *Id*., at ¶ 3.

17 On February 4, 2003, Cross-Defendants removed the entire action to federal court.  The
18 case was assigned to Magistrate Judge James Larson.  On February 10, 2003, Defendants
19 objected to the assignment to Magistrate Judge Larson.  On February 14, 2003, this case was
20 assigned to this Court.

21 On February 18, 2003, the parties met and conferred about the remand issues and agreed
22 that no Ninth Circuit authority governed whether Cross-Defendants could remove based on
23 federal question jurisdiction.  Cheng Decl., at ¶ 9.  On February 20, 2003, Cross-Defendants
24 offered to stipulate to remand the case to state court if Defendants agreed to dismiss their federal

---

[2]  As can be seen in the Stipulation to File Cross-Complaint, at ¶ 6, Defendants had intended to sue each of the individuals for punitive damages but relinquished these claims in exchange for a stipulation to accept service.  Cheng Decl., at ¶ 3.

causes of action. *Id*. at ¶ 10, Exh. C. On February 28, 2003, Defendants refused to dismiss their federal causes of action. *Id*. at ¶ 12, Exh. D.

### IV. THE COURT SHOULD DENY DEFENDANTS' MOTION TO REMAND BECAUSE THE INDIVIDUAL CROSS-DEFENDANTS ARE ENTITLED TO HAVE THEIR FEDERAL CLAIMS HEARD IN FEDERAL COURT

#### A. Cross-Defendants Chiu, Bosque, and Kerley are Entitled to Remove the Entire Action

Defendants claim that Cross-Defendants cannot remove the entire action because (1) only original defendants can remove; (2) a federal question has to appear on the face of the complaint; and (3) case law disallows removal. None of these reasons are availing.

#### 1. Third-Party Removal Based on Federal Question Jurisdiction is Proper Under 28 U.S.C. Section 1441(c)

28 U.S.C. § 1441(c) provides: "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

In *Motor Vehicle Casualty Co. v. Russian River County Sanitation Dist.*, 538 F.Supp. 488 (N.D. Cal. 1981), this Court (per Judge Spencer Williams) held that a third-party defendant was allowed to remove an action to federal court under 28 U.S.C. § 1441(c), when a separate and independent claim is made against that third-party defendant. The Court reasoned that the third-party defendants would have been allowed to remove the case had they been sued as defendants. The Court emphasized that third-party defendants should not lose their entitlement to a federal court "by the procedural 'accident' that it was joined as a third-party instead of as an original defendant." 538 F.Supp. at 492.

The Court considered and rejected the argument that allowing third-parties to remove an action to federal court would create an injustice to the plaintiff. "To whatever degree injustice would result if the plaintiff was required to pursue its complaint in federal court due to a third-party defendant's removal, the *injustice* would be even *greater* if, due to the liberality of state

pleading rules, a party could prevent another from removing merely by suing it as part of a third-party complaint." (Emphasis added.)  538 F.Supp. at 493.

Here, the cases on which Defendants rely do not change the result.  The cases cited by Defendants involved situations where the courts disallowed cross-defendants to remove because it would be unfair to plaintiff.  *See e.g. Orosco v. Royal Roofing Co., Inc.*, 1997 WL 724456 (N.D. Cal. 1997) (finding an interest in preserving a plaintiff's choice of forum); *First National Bank of Pulaski v. Curry*, 301 F.3d 456, 464 (6th Cir. 2002) (same); Wright & Miller  § 3724 (". . . .it seems rather drastic to force the plaintiff, whose choice of a state forum normally should be honored, to litigate in a federal court that he *did not choose*.") (Emphasis added.)  Here, plaintiff City and County of San Francisco joined in the removal by the Cross-Defendants and has no objection to removal.

Fully aware that *Motor Vehicle* defeats their motion to remand, Defendants argue that *Motor Vehicle* is no longer good law.  They cite *Draper v Erb*, 1994 WL 478821, *3 (N.D. Cal. Aug. 25, 1994) (Patel, C.J.).  But *Draper* only addressed the question of *diversity* jurisdiction as a basis for removal and concluded that *Motor Vehicle* did not apply because the rules as to removal based on 28 U.S.C. § 1441(c) were amended in 1990 to allow only federal question removal, the basis for jurisdiction here.  *See Baylor v. District of Columbia*, 838 F.Supp. 7, 8-9 (D.D.C. 1993) (noting the 1990 amendments to 28 U.S.C. § 1441(c) applied only to removal based on diversity jurisdiction, not to removal based on federal question jurisdiction).

In fact, *Draper* expressly stated that removal based on *federal question* jurisdiction was permissible.  "Because 28 U.S.C. § 1331 deals solely with federal question jurisdiction, it is clear that only separate and independent claims based on *federal question jurisdiction* and not diversity jurisdiction *may serve* as a *basis* for a section 1441(c) *removal*." (Emphasis added.)  Thus, both *Draper* and *Motor Vehicle* support the proposition that third-party removal based on federal question jurisdiction is permissible under 28 U.S.C. § 1441(c).

Because two Northern District of California cases, including the only published Northern District case, have allowed third-party removal based on federal question jurisdiction, the Court

should deny Defendants' motion to remand.

/ / /

### 2. The Third-Party Defendants are Cross-Defendants, Not Counter-Defendants; Thus, the Removal Rules Cited by Defendants Do Not Apply

Citing no authority, Defendants attempt to characterize Chiu, Bosque, and Kerley as "Counter-Defendants," instead of Cross-Defendants to obtain the benefit of the removal rules that apply to counter-defendants – namely, that the federal question must appear on the face of the original complaint. Defendants claim that there is no difference between Chiu, Bosque, and Kerley and the City because these individuals are "municipal actors," who will be indemnified by the City.

Defendants cannot have it both ways. If Chiu, Bosque, and Kerley have no legal significance to the lawsuit, then Defendants should not have sued them in their personal and official capacities and should have dismissed them from this action. Given the opportunity, Defendants refused to do so. Cheng Decl., at ¶ 12, Exh. D. Moreover, if Chiu, Bosque, and Kerley were truly counter-defendants, then Defendants were required to have filed a counter-claim on the claims that arise out of the same transaction or occurrence because these are compulsory. *See* FRCP 13(a), 13(g); *Hydranautics v. FilmTec Corp.*, 70 F.3d 533, 536 (9th Cir. 1995). Defendants did not file a counter-claim, but instead a Cross-Complaint because Chiu, Bosque, and Kerley were not even plaintiffs in the original suit and thus cannot be counter-defendants. Thus, all of Defendants' argument and authorities governing counter-defendants simply do not apply to the removal by individual third-party defendants. (Defendants' Memorandum, Section B, at pp. 5-6.)[3]

Simply put, Defendants have chosen to intimidate governmental employees by suing them personally for purported federal civil rights violations, even though they know that "they

---

[3] The two Ninth Circuit cases cited by Defendants only address removal by counter-defendants, not cross-defendants. *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815 (9th Cir. 1985); *People v. Keating*, 986 F.2d 346 (9th Cir. 1993).

are represented by the City Attorney and will be indemnified by the City." (Def. Memo., at p. 10). Realizing that their choice has procedural ramifications, Defendants now disavow the significance of having dragged these governmental employees, who were merely doing their job, into time-consuming litigation. The Court should not countenance or reward Defendants' hard-ball tactics. The Court should deny the motion to remand.

### 3. Removal is Proper Because Defendants Chose to Characterize Their Cross-Complaint as Federal in Nature

A third reason exists to deny the motion to remand: basic fairness. Defendants have chosen for tactical reasons to sue individual governmental employees under federal causes of action. When given the opportunity to dismiss these causes of action, Defendants refused. Thus, it would be unfair to Cross-Defendants to deprive them of a federal forum.

The policy behind permitting third-party removal is to allow individuals who have been sued for purported federal and constitutional violations in a cross-complaint to have a federal forum. *See* Wright & Miller § 3724 (". . .it also seems unfair to deny the third-party defendant his removal right simply because the claim against him has been appended to a nonremovable action. . . .").

Here, Defendants could have chosen only to bring state law claims in their Cross-Complaint. Instead, Defendants decided to allege 14 out of 21 claims based on federal or constitutional law. They further decided to sue each of the individual Cross-Defendants in their personal and official capacities and only abandoned their punitive damages claims to get a Stipulation for Acceptance of Service. *See* Paragraph 6 of the Stipulation; Cheng Decl., at ¶ 3.

Finally, Cross-Defendants offered to stipulate to remand the case to state court if Defendants agreed to dismiss their federal claims. Cheng Decl., at ¶ 10, Exh. C. Defendants rejected the offer, refused to dismiss the federal claims, and refused to dismiss the individual cross-defendants, thus further confirming the federal nature of their Cross-Complaint.[4] *Id.*, at ¶

---

[4] Attached as Exhibit C to the Declaration of Andrew Y.S. Cheng ("Cheng Decl.") is a letter in which cross-defendants agreed to stipulate to remand to state court in exchange for a dismissal of the federal claims. Defendants rejected this proposal. (Cheng Decl., Exhibit D.)

11.

Because Defendants chose to bring federal claims against individual third-party defendants, federal jurisdiction properly exists and the Court should deny Defendants' motion to remand.

### B. The Federal Claims of the Cross-Complaint Arise Out of Separate and Independent Claims from the Complaint

Unable to overcome the controlling cases allowing the individual cross-defendants to remove based on federal question jurisdiction, Defendants argue that the claims of the Cross-Complaint are not "separate and independent" of the claims of the Complaint as required by the *Motor Vehicle* case. This argument fails.

Claims are "separate and independent" under 28 U.S.C. § 1441(c) when they could have been brought in a separate lawsuit from the original suit. *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir. 1980). *See also Am. Fire & Cas. Co v. Finn*, 341 U.S. 6, 14 (1951) (no "separate and independent" claim where a *single wrong* to plaintiff exists); Wright & Miller, Federal Practice and Procedure, § 3724 (describing as "separate and independent" the example of a defendant sued in tort, who then files a cross-complaint in *contract*).

Here, almost all of the claims of the Cross-Complaint are separate and independent. First, each of the constitutional and federal causes of action could have been brought in a separate lawsuit in federal court. Instead, Defendants chose to bring them in their Cross-Complaint. Even were the Complaint resolved in plaintiffs' favor, Defendants could still choose to prosecute their Cross-Complaint.

Second, unlike the cases Defendants cite, there is no *single wrong* that is the subject of both Complaint and Cross-Complaint. Instead, the Cross-Complaint has much broader allegations. Defendants claim that the individual cross-defendants have conspired with tenant activists to slander the title of Defendants' properties, drive Defendants from the properties, and

enrich themselves in the process.  Cross-Complaint, ¶¶ 16-21, 103-104, 225-240.[5]  Defendants further claim that Cross-Defendants are trying to interfere with a purported contract with HUD, under which Defendants would purportedly receive a large loan that they can use to increase the profitability of their business.  *Id*. at ¶¶ 18, 211-224.  Finally, Defendants allege that another purpose for Cross-Defendants' actions is to accomplish an unconstitutional taking without just compensation.  *Id*., at ¶¶ 148-165, 191-210.   These allegations go well beyond the original wrong cited in the Complaint – Defendants' failure to abide by local and state codes and laws for habitability of their low-income apartment units.

Once again, Defendants are trying to have it both ways.  Defendants could have narrowed the scope of their Cross-Complaint to sound only in tort and to relate solely to the transactions of the Complaint.  Instead, they have broadened their Cross-Complaint to wholly unrelated transactions that sound in contract, federal, and constitutional claims.  These constitute separate and independent claims for the purpose of removal under 28 U.S.C. § 1441(c).

Defendants claim, however, that the Stipulation Accepting Service of the Cross-Complaint proves that the claims of the Cross-Complaint arise from the same transaction or occurrence as those in the Complaint.  But the Stipulation did not state that the 14 constitutional and federal claims arose from the same transaction or occurrence; rather, it stated only that the common law *tort claims* for slander, defamation, etc.,  arose from the same transaction or occurrence. ("The Owners' *tort claims* arise out of same transaction or occurrence . . . as the causes of action . . . in the complaint.")  Had Defendants truly believed that their contract or federal civil rights causes of action arose from the same transaction or occurrence, they would have drafted the language to say so.  They did not.

Because the federal and constitutional claims are separate and independent of the claims from the Complaint, the Court should deny the motion to remand.

**C.     If the Court Decides to Remand, the Court Should Not Award Fees or Costs**

---

[5]  A true and correct copy of the Cross-Complaint is attached as Exhibit A to the Cheng Decl.

The governing authorities support the position that removal and federal jurisdiction are proper in this case. Should the Court disagree, the Court should reject Defendants' request for attorney's fees and costs.

First, Cross-Defendants offered to stipulate to remand the action to state court in exchange for a dismissal of the claims that constitute the basis of jurisdiction – the federal civil rights and constitutional claims. Cheng Decl., at ¶¶ 10-11. Defendants refused because they have chosen to characterize their Cross-Complaint as one based on federal and constitutional law.[6] *Id*., at ¶ 12.

In *Roxbury Condominium Association, Inc. v. Anthony S. Cupo Agency*, 316 F.3d 224, 228 (3rd Cir. 2003), the Third Circuit reversed an award of attorney's fees under 28 U.S.C. § 1447(c). The court reasoned that the Third Circuit (like the Ninth Circuit) has not yet decided whether a third-party defendant could remove under Section 1441(c). Because the court found the third-party's removal claim colorable in an area of unsettled law, the court denied attorney's fees and costs.

Here, the Ninth Circuit has not addressed whether a third-party defendant has the right to remove to federal court. *O'Halloran v. University of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988). The only published Northern District case expressly allowed removal. *See Motor Vehicle Casualty Co*, 538 F.Supp. 488. A second Northern District case stated that third-party removal based on federal question jurisdiction is permissible under 28 U.S.C. § 1441(c). *Draper*, 1994 WL 478821 at *3 (". . . it is clear that only separate and independent claims based on federal question jurisdiction . . . *may serve as a basis for a section 1441(c) removal*.") (emphasis added).

The Court should deny Defendants' request for an award of fees or costs.

/ / /

/ / /

/ / /

---

[6] Exhibit D to the Cheng Decl. is the letter in which Defendants completely refused to dismiss their federal claims, thus further evincing the federal nature of the Cross-Complaint.

1  / / /
2  / / /
3  / / /
4  / / /
5  / / /
6  / / /

V. **CONCLUSION**

The Court should deny the motion to remand.

Dated: April 1, 2003

                    DENNIS J. HERRERA
                    City Attorney
                    JOANNE HOEPER
                    Chief Trial Deputy
                    ROSE-ELLEN HEINZ
                    ANDREW Y.S. CHENG
                    Deputy City Attorneys


By: _____/s/ Andrew Y.S. Cheng_____
       ANDREW Y. S. CHENG
       Deputy City Attorney

       Attorneys for Cross-Defendants
       CITY AND COUNTY OF SAN FRANCISCO,
       FRANK CHIU, ROSEMARY BOSQUE, AND
       JOHN KERLEY